# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ELIJAH AGAPE CAIN,<br><br>  Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | NO. C11-537-MJP-JPD<br>   (CR10-73-MJP)<br><br>REPORT AND<br>RECOMMENDATION |

Petitioner Elijah Agape Cain moves via 28 U.S.C. § 2255 to vacate, set aside, or correct the 120-month sentence imposed for his guilty-plea conviction on drug-conspiracy and firearm counts. (Dkt. 1, at 1.)[1] Mr. Cain alleges (1) prosecutorial misconduct based on the charges brought, the unreliability of confidential-informant statements, and the manner of collecting incriminating testimony; and (2) ineffective assistance of counsel for failure to challenge the conviction and sentence on the firearms count.[2] The Court recommends that Mr. Cain's § 2255 motion be **DENIED** and this matter be **DISMISSED** with prejudice because he waived his right to collaterally challenge his sentence, and he has failed to demonstrate ineffective assistance of counsel. The Court also recommends **DENYING** the issuance of a certificate of

---

[1] The Court refers to "Dkt." when citing the docket for the § 2255 motion, and to "CR Dkt." when citing the docket for the underlying criminal matter CR10-73-MJP. Throughout this Report and Recommendation, the Court refers to the pagination of the scanned originals as opposed to the page numbers supplied by the parties.

[2] Although petitioner refers to three claims, his first two are actually a single claim of prosecutorial misconduct. (Dkt. 1-1, at 1–3.)

REPORT AND RECOMMENDATION - 1

appealability. An evidentiary hearing is not warranted because the record refutes Mr. Cain's claims.

## I. BACKGROUND

Pursuant to a Plea Agreement, Mr. Cain pleaded guilty to conspiracy to possess cocaine with intent to distribute, 28 U.S.C.§§ 841(a)(1), 841(b)(1)(C), 846; and carrying a firearm during and in relation to a drug-trafficking offense, 18 U.S.C. § 924(c). (CR Dkt. 40, at 1–3 (hereinafter "Plea Agreement").) The Plea Agreement contains an appeal waiver:

> As part of this Plea Agreement, and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:
>
> a. any right conferred by Title 18, United States Codes, Section 3742 to appeal the sentence, including any restitution order imposed; and
>
> b. any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

(*Id*. at 8).

On July 1, 2010, the district court sentenced Mr. Cain to a total of 120 months of imprisonment—60 months for each count, to be served consecutively. (CR Dkt. 68, at 2.) On March 29, 2011, Mr. Cain timely filed the present 28 U.S.C. § 2255 motion. (Dkt. 1; CR Dkt. 70.) In June 2011, the Court denied petitioner's motion for default because it was in the interest of justice to consider the government's Answer but ordered the government's counsel to show cause why he should not be fined $150 for filing his brief late and without an explanation. (Dkt. 9.) Counsel responded that his brief was filed late due to inadvertence and personal involvement in several, complicated prosecutions.[3] (Dkt. 10.)

---

[3] The government has not gained an unfair advantage from having filed late, and there is no indication that counsel's representations are untrue. The Court therefore finds that the government's counsel has adequately responded to the show-cause order, declines to impose a $150 fine, and denies petitioner's renewed motion for default. (*See* Dkt. 12, at 1.)

## II. DISCUSSION

In the Plea Agreement, Mr. Cain waived his right to raise the arguments related to his prosecutorial-misconduct claim and, in any event, this claim lacks merit. Mr. Cain fails to demonstrate ineffective assistance of counsel because he can show neither deficient performance nor resulting prejudice.

### A. Waiver of the Right To Collaterally Attack the Sentence

Under the rubric of prosecutorial misconduct, Mr. Cain contends that the prosecution trumped up the charges against him, used unreliable confidential-informant testimony, and used improperly obtained wiretap statements. This claim should be dismissed because Mr. Cain waived his right to collaterally attack his sentence.

Mr. Cain signed a Plea Agreement waiving his right to appeal or to collaterally attack his sentence. A defendant's waiver of the right to appeal or to collaterally attack his sentence is enforceable if "(1) the language of the waiver encompasses the defendant's right . . . on the grounds claimed . . ., and (2) the waiver is knowingly and voluntarily made." *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). Mr. Cain's Plea Agreement contains a clear and unambiguous waiver of the right to appeal or to bring a collateral attack except as to the effectiveness of counsel. (Plea Agreement, at 8.) The waiver was conditioned on imposition of a sentence within or below the Sentencing Guidelines range, or the statutory mandatory minimum (if greater than the Guidelines range). (*Id.*) Mr. Cain received a total sentence of 120 months, i.e., exactly what the parties requested and more than 8 years below the low end of the Probation Office's calculation.[4] Because Mr. Cain received a sentence below the Sentencing Guidelines range, the appeal/collateral attack waiver applies with full force.

---

[4] The Probation Office calculated a range of 151 to 188 months before adding the 60-month mandatory minimum for the firearm charge, for a total of 211 to 248 months. (*See* CR Dkt. 56, at 3.) In the Plea Agreement, the parties stated that the appropriate sentence of imprisonment would have been within the range of 108 to 144 months. (Plea Agreement, at 5.)

Mr. Cain also knowingly and voluntarily consented to the Plea Agreement's express terms. The Plea Agreement, which petitioner signed, provides that "Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter these pleas of guilty." (*Id.* at 8.) The undersigned magistrate judge examined Mr. Cain under oath and determined that Mr. Cain had entered his guilty plea knowingly, intelligently, and voluntarily. (CR Dkt. 41.) The Honorable Marsha J. Pechman held a status conference at which she declined to accept the guilty plea until she could review the Presentence Report and examine Mr. Cain again at sentencing about whether he entered the Plea Agreement knowingly and voluntarily. (CR Dkt. 48.) At sentencing, Judge Pechman was satisfied that Mr. Cain knew exactly what he was doing, informed him of the appeal rights not waived, and noted that no objections regarding the knowing and voluntary nature of the guilty plea were made. (CR Dkts. 66, 67.) Mr. Cain's claim of prosecutorial misconduct should be dismissed because Mr. Cain unambiguously, knowingly, and voluntarily waived his right to appeal or to bring a collateral attack on his sentence.[5] *See United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991).

Moreover, Mr. Cain's assertions regarding prosecutorial misconduct lack merit. First, Mr. Cain admitted to facts that clearly support the drug-conspiracy and firearm charges such that bringing these charges cannot be considered baseless or malicious. (Plea Agreement, at 5–6.) Second, Mr. Cain's own attachments to his habeas petition show that the government relied upon more than confidential informants in prosecuting him, and his factual admissions demonstrate the verity rather than the unreliability of the statements from confidential informants. (*Id.*; Dkt. 1, at 29–80.) Third, the prosecution cannot have violated the Federal Wiretapping Act because those who spoke to Mr. Cain on the telephone consented to being

---

[5] Furthermore, it is clear that by asserting his prosecutorial-misconduct claim in the present collateral attack, Mr. Cain has breached the Plea Agreement and the government may now, if it so chooses, withdraw from the Plea Agreement and prosecute him for all offenses for which it has evidence. (Plea Agreement, at 7.)

recorded and authorities may intercept such communications "where . . . one of the parties to the communication has given prior consent to such interception." 18 U.S.C. § 2511(2)(c).

**B.      Effective Assistance of Counsel**

Mr. Cain contends that he received ineffective assistance of counsel because counsel should have objected to the 18 U.S.C. § 924(c) firearm charge and, subsequently, should have objected to the use of 18 U.S.C. § 924(c) to "enhance" his sentence.[6] Mr. Cain can show neither deficient performance by counsel nor resulting prejudice.

First, defense counsel's choice not to contest the firearm charge was not deficient performance and was not prejudicial given substantiating evidence for Mr. Cain's admission that he was carrying a loaded, semiautomatic pistol, " serial number TVH48320," while he met with co-conspirators about robbing a cocaine stash house. (Plea Agreement, at 6.)  Second, defense counsel's choice not to challenge a § 924(c) sentencing "enhancement" could not have been deficient performance or prejudicial because 18 U.S.C. § 924(c) is not a sentencing enhancement.  It is a second count of conviction that carries a five-year statutory minimum that must run consecutively to other sentences.  Third, as discussed earlier, the record shows that Mr. Cain entered the Plea Agreement knowingly and voluntarily, and that the Plea Agreement accurately set forth the factual and legal bases for charging him under 18 U.S.C. § 924(c).

**C.      Certificate of Appealability**

If the district court adopts the Report and Recommendation to deny Mr. Cain's § 2255 motion, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A

---

[6] The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the two-prong test set forth in *Strickland*, a defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness and (2) that a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687–94. When considering the first prong of the *Strickland* test, judicial scrutiny must be highly deferential. *Id.* at 689. There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance. *Id.* The second prong of the *Strickland* test requires a showing of actual prejudice related to counsel's performance. The reviewing court need not address both components of the inquiry if an insufficient showing is made on one component. *Strickland*, 466 U.S. at 697. Furthermore, if both components are to be considered, there is no prescribed order in which to address them. *Id.*

COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The decision to issue a COA turns not on the court's assessment of the applicant's chances for success on appeal, but whether the appeal would raise material and debatable questions. *See id.* at 342.

The Court recommends that the issuance of a COA be denied because no jurist of reason could disagree with the Court's conclusion that Mr. Cain waived his right to appeal or to collaterally challenge his sentence and that he was not deprived of his Sixth Amendment right to effective assistance of counsel. Mr. Cain should address whether a COA should be issued in his written objections, if any, to this Report and Recommendation.

### III.  CONCLUSION

The Court recommends that Mr. Cain's § 2255 motion be **DENIED** and **DISMISSED** because he waived his right to collaterally challenge his sentence and he has failed to show ineffective assistance of counsel. The Court finds that an evidentiary hearing is unnecessary because his claims are refuted by the record. A proposed order accompanies this Report and Recommendation.

DATED this 17th day of August, 2011.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge